SEYFARTH SHAW LLP
Coby M. Turner (SBN 266298)
cturner@seyfarth.com
Phillip J. Ebsworth (SBN 311026)
pebsworth@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone:    (916) 448-0159
Facsimile:    (916) 558-4839

Attorneys for Defendant
NATIONAL VISION, INC. dba AMERICA'S
BEST CONTACTS AND EYEGLASSES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL F. MAISNIER individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL VISION, INC. dba AMERICA'S BEST CONTACTS AND EYEGLASSES; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT NATIONAL VISION, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>[*Filed concurrently with Civil Case Cover Sheet, Notice of Interested Parties, and Corporate Disclosure Statement*]<br><br>Alameda County Superior Court Case No. 22CV018224<br><br>Action Filed:    September 20, 2022<br>Complaint Served: November 9, 2022 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF PAUL F. MAISNIER AND HIS COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Defendant NATIONAL VISION, INC. ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, based on Class Action Fairness Act ("CAFA") jurisdiction and removes the above-captioned matter from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. Removal is proper for the following reasons:

**I.    BACKGROUND AND PROCEEDINGS IN STATE COURT**

1.    On September 20, 2022, Plaintiff Paul F. Maisnier ("Plaintiff") filed a class action Complaint in the Superior Court of California, County of Alameda, entitled "PAUL F. MAISNIER, individually and on behalf of all others similarly situated, v. NATIONAL VISION, INC. dba; and AMERICA'S BEST CONTACTS AND EYEGLASSES; and DOES 1-50, inclusive." The Complaint was assigned Alameda County Superior Court Case No. 22CV018224.

2.    The Complaint alleged causes of action for: (1) Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194; (2) Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Orders; (3) Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512; (4) Failure to Pay Timely Wages Required by Labor Code § 203; (5) Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226; (6) Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2082; (7) Unlawful Deductions from Wages; (8) Violation of Business & Professions Code § 17200, *et seq.*

3.    On November 9, 2022, Plaintiff served the summons, Complaint, and other court documents, on Defendant. A true and correct copy of the summons, Complaint, and other documents served on Defendant are attached hereto as **Exhibit A**.

4.    The Complaint seeks to certify a class of "[a]ll persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within (4) years from the filing of the Complaint in this action until its resolution." (Ex. A, Complaint, ¶ 10.)

5.     A true and correct copy of Defendant's answer to the Complaint, filed on December 8, 2022, is attached hereto as **Exhibit B.** No other filed pleadings or orders have been served on Defendant as of the date of this filing.

## II.    TIMELINESS OF REMOVAL

6.     On November 9, 2022, Defendant's Registered Agent received personal service of the Complaint. (Ex. A.) This Notice of Removal is timely because it is being filed within 30 days of Defendant's receipt of the Summons and Complaint and within one year of the commencement of this action. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under applicable state law).

## III.    JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

7.     This Court has original jurisdiction over this action pursuant to CAFA because (i) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (ii) the action is pleaded as a class action involving more than 100 putative class members, and (iii) at least one member of the putative class is a citizen of a State different from Defendant. 28 U.S.C. § 1332(d).

### A.    Diversity of Citizenship

8.     CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a State different from any named defendant. 28 U.S.C. 1332(d)(2)(A); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (explaining that to achieve its purposes CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement in 28 U.S.C. § 1332(d)(2)). Here, such minimal diversity exists among the parties. In fact, complete diversity exists between Plaintiff and Defendant.

#### 1.    Plaintiff Is a Citizen of California

9.     "To establish citizenship for diversity purposes, a [natural] person must be both (1) a citizen of the United States, and (2) be domiciled in [one] state." *Chamness v. Stonebridge Life Ins. Co.*,

No. CV09-0780 AHM (JCx), 2009 WL 734137, at * 3 (C.D. Cal. Mar. 18, 2009) (denying plaintiff's motion for remand because defendant's removal notice established complete diversity).

10.    A person's domicile is the place where they reside with the intent to remain indefinitely. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return … ."); *see also Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (noting that an individual is a citizen of the state in which he is domiciled; domicile is determined by an individual's (1) residence in a state, and (2) his intent to remain indefinitely).

11.    Citizenship is determined by an individual's domicile at the time the lawsuit is filed. *See Armstrong v. Church of Scientology Int'l*, 243 F.3d 546 (9th Cir. 2000); *see also Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (explaining that where a complaint alleges plaintiff resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").

12.    As a part of Plaintiff's Application for Employment, Plaintiff listed a California address and maintained a California address on file for purposes of his personnel file, payroll checks, state payroll, and tax withholdings during the period of his employment. (Kerkhoff Decl. ¶ 4) Plaintiff was employed by Defendant at its store in Vallejo, California, from December 2018 to September 2021. (*Id.*) Defendant is informed and believes, and on that basis alleges, that Plaintiff's last known address also is in Alameda County, California. Plaintiff's intent to remain domiciled in California is further evident from the fact that he brought his lawsuit against Defendant in Alameda County Superior Court. Accordingly, Plaintiff is a citizen of California for the purposes of diversity.

### 2.    Defendant Is Not A Citizen of California

13.    Defendant National Vision, Inc. is a citizen of Georgia and is not now, and was not at the time of the filing of this action, a citizen of the state of California within the meaning of 28 U.S.C. § 1332(c)(1).

14.    "[A] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." 28 U.S.C. § 1332(c); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) ("[A] corporation is a citizen of (1)

the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"). Courts determine a corporation's principal place of business under the "nerve center" test. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Under that test, a corporation's principal place of business is where its "officers direct, control and coordinate the corporation's activities." *Id*. at 92. A corporation typically directs and coordinates its activities from its headquarters. *Id*.

15.    National Vision, Inc. is incorporated under the laws of the State of Georgia, with its principal place of business in Duluth, Georgia. (Kerkhoff Decl. ¶ 3.) National Vision, Inc.'s principal place of business is in Duluth, Georgia because its "nerve center" is located in Duluth, Georgia. (*Id*.) Specifically, National Vision, Inc.'s corporate headquarters are located exclusively in the State of Georgia, and all of National Vision, Inc.'s executive and administrative functions take place in Georgia. (*Id*.)

16.    Accordingly, because Plaintiff is a citizen of California and Defendant is not a citizen of California, diversity of citizenship exists between Plaintiff and Defendant for purposes of CAFA removal.

### 3.    Doe Defendants' Citizenship Must Be Disregarded

17.    The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (doe defendants need not join in removal); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal). Thus, Doe defendants 1 through 100 do not deprive this Court of jurisdiction.

### B.    The Number of Putative Class Members Exceeds 100

18.    CAFA requires that the aggregated number of members of all classes proposed in a complaint be at least 100. 28 U.S.C. § 1332(d)(5)(B).

19.    Plaintiff seeks relief on behalf of a putative class comprised of "[a]ll persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within (4) years from the filing of the Complaint in this action until its resolution."

(Ex. A, Complaint, ¶ 10.) Additionally, Plaintiff alleges that there at least 100 class members. (*Id.* at ¶ 15.)

20.    During the alleged putative class period, approximately 2,826 non-exempt employees were employed in California, including former employees.

21.    Accordingly, the aggregated number of members of the putative class proposed by Plaintiff far outnumbers the 100 member requirement.

**C.    The Amount in Controversy Exceeds $5,000,000.00.**

22.    While Defendant specifically denies liability as to Plaintiff's claims and the ability for this action to proceed on a class basis, Defendant has a reasonable, good faith belief that the amount in controversy, as alleged in Plaintiff's Complaint, exceeds $5,000,000.00, exclusive of interest and costs.

23.    In calculating the amount in controversy under CAFA, the claims of the individual members of a class are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.00. 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep, S. Rep. No. 109-14, at 42 (2005). Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case… . Overall, § 1332(d) was intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

24.    To establish that the amount in controversy exceeds the jurisdictional amount, the defendant need only make a plausible claim that the amount in controversy exceeds that amount. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81 (2014). Here, Plaintiff alleges that the "California Superior Court also has jurisdiction in this matter because the individual claims of the Class

Members described herein are presently believed to be under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate potential damages and recovery by all of the claims of the Plaintiff's Class, including attorneys' fees, placed in controversy by Plaintiffs' class-wide claims, is presently believed to be under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005." (Ex. A, Complaint, ¶ 4.) However, the United States Supreme Court and the Ninth Circuit have made clear that a plaintiff cannot evade federal jurisdiction by merely alleging that the amount in controversy falls below the jurisdictional minimum. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594–96 (2013); *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 978-82 (9th Cir. 2013).

25. Courts may assume a 100% violation rate in calculating the amount in controversy for removal purposes when a more precise calculation is not apparent on the face of the complaint. *See e.g. Altamirano v. Shaw Indus.*, No. C–13–0939 EMC, 2013 WL 2950600, *11-12 (N.D. Cal. June 14, 2013) ("Plaintiff's allegations about the pervasiveness of the policies" justified 100% violation rates.); *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate."); *Muniz v. Pilot Travel Centers LLC*, No. S-07-0325, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) ("Plaintiff is the 'master of [his] claim[s],' and if [he] wanted to avoid removal, [he] could have alleged facts specific to [his] claims which would narrow the scope of the putative class or the damages sought" to indicate a violation rate smaller than 100%.).

26. Plaintiff seeks to assert eight class claims under various provisions of the California Labor Code and the Unfair Competition Law and seeks actual, consequential, and incidental losses and damages, unpaid wages, statutory and civil penalties, attorneys' fees, and costs on behalf of himself and the putative class. Based on a review of employment records, the amount in controversy on Plaintiff's putative class claims exceeds the $5,000,000.00 jurisdictional amount.

### 1. Labor Code § 203 (Plaintiff's Fourth Cause of Action)

27. The FAC alleges that "Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and the Class Members all their wages, earned and unpaid, either at the

time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ".
(Ex. A., Complaint, ¶ 84.)

28.     Labor Code § 203(a) states that the wages of an employee who quits "shall continue as a
penalty from the due date thereof at the same rate until paid or until an action therefor is commenced;
but the wages shall not continue for more than 30 days."

29.     The statute of limitations for recovery for waiting time penalties under Labor Code § 203
is three years. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1401 (2010) (holding that a three year
statute of limitations applied to § 203 claims). Thus, for determining the amount in controversy, a three-
year statute of limitations applies.

30.     Since May 1, 2020,[1] approximately 274 putative class members separated their
employment and are former employees. (Kerkhoff Decl. ¶ 9.) Defendant denies that these employees
were not paid their final wages in a timely manner. However, taking Plaintiff's allegations as true, the
amount in controversy for Plaintiff's waiting time penalties claim—for a fraction of the alleged class
period—at a minimum, would be approximately **$804,944.32.** [(274 former employees) x ($15.47 per
hour[2]) x (6.33 hours per day[3]) x (30 days)].

## 2.     Labor Code § 226 (Plaintiff's Fifth Cause of Action)

31.     The Complaint alleges that in violation of Labor Code § 226(a), Defendant failed to
identify the amounts and hours for items listed on its paystubs, failed to accurately record all time
worked, and failed to accurately record the meal and rest period premiums owed and all wages owed per
pay period. (Ex. A, Complaint, ¶¶ 90–92.)

32.     Labor Code § 226(e) provides an employee a minimum of $50.00 for the initial pay
period in which a violation occurs, and $100.00 for each further pay period in which a violation occurs,

---

[1] While the statute of limitations for Plaintiff's fourth cause of action is three years, these claims as well
as the other claims asserted by Plaintiff in this action were released through April 30, 2020. *See
Mendoza v. National Vision, Inc.*, USDC N.D. Cal. Case No. 19-cv-01485-SVK, Dkt. 57.

[2] This number reflects the average last hourly rate of pay of the 274 putative class members who are
former employees. (Kerkhoff Decl. ¶ 9.)

[3] This number reflect the average hours worked per day of the 274 putative class members who are
former employees. (Kerkhoff Decl. ¶ 9.)

7

up to a maximum penalty of $4,000.00 per employee. The statute of limitations for penalties under Labor Code § 226 is one year. Cal. Civ. Proc. Code § 340(a).

33.     During the one year preceding the filing of the Complaint, there were approximately 1,935 putative class members, that worked approximately 31,840 pay periods. (Kerkhoff Decl. ¶ 7.) By multiplying the number of pay periods per putative class member by the potentially applicable penalty ($100.00), subtracting $50.00 for the initial pay period, and capping each putative class member's potential penalty to $4,000.00, the total amount in controversy for the Labor Code § 226 claim alone would be **$3,087,250.00**.

34.     Therefore, based on the allegations in the FAC, Plaintiff's Labor Code § 226 claim, by itself, satisfies more than half of the jurisdictional amount in controversy under CAFA.

### 3.     Meal Period Claims (Second Cause of Action)

35.     Plaintiff contends that he "and Class Members missed meal breaks several times a week and had late meal breaks more often than not. Meal breaks were interrupted daily and lasted for less than the 30 minute required by law." (Ex. A, Complaint, ¶ 30.) Plaintiff claims that "as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally compliant uninterrupted 30-minute meal periods on shifts over five hours as required by law." (*Id*. at ¶ 32.) The statute of limitation for a meal period claim is three years, arguably extended to four years due to the unfair competition law claim.

36.     From May 1, 2020, to November 9, 2022, the total number of shifts over five hours worked by the putative class members was approximately 652,558. (Kerkhoff Decl. ¶ 8.) Plaintiff included no limitation on the number of violations and, in fact, his allegations support that he is contending that he and the putative class members were not provided with compliant meal periods each workday. However, even based on a conservative estimate that each putative class member failed to receive a compliant-meal period "more often than not" and was paid a meal period premium of $17.04 per hour[4] for each purported violation, the putative class meal period damages from just May 1, 2020 to November 9, 2022 is approximately **$5,559,811.20**. [($17.04 per hour) x (326,280 violations)]. (*Id*.)

[4] This number reflects the average hourly rate of pay of all putative class members.

37.     Therefore, based on the allegations in the Complaint, Plaintiff's meal period claims

claim, by itself, satisfies the jurisdictional amount in controversy.

### 4.     Rest Period Claims (Third Cause of Action)

38.     Plaintiff alleges that he "and Class were systematically not authorized and permitted to

take one net ten-minute paid, rest period for every four hours worked or major fraction thereof." (Ex. A,

Complaint, ¶ 40.) Plaintiff claims Defendant "maintained and enforced scheduling practices, policies,

and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful,

paid rest periods of a net ten minutes for every four hours worked or major fraction thereof." (*Id*. at ¶

43.) Further, Plaintiff contends that "Plaintiff and Class Members were prohibited from leaving the

premises during their meal and rest periods." (*Id*. at ¶ 42.) The statute of limitation for a rest break claim

is three years, arguably extended to four years due to the unfair competition law claim.

39.     From May 1, 2020, to November 9, 2022 the total number of shifts over 3.5 hours

worked by the putative class members was approximately 731,245. (Kerkhoff Decl. ¶ 8.) Plaintiff

included no limitation on the number of violations and, in fact, his allegations support that he is

contending that he and the putative class members did not receive all compliant rest breaks each

workday. However, even based on a conservative estimate that each putative class member failed to

receive compliant rest periods "more often than not" and was paid a rest period premium of $17.04 per

hour for each purported violation, the putative class rest period damages from just May 1, 2020 to

November 9, 2022 is approximately **$6,230,215.92.** [($17.04 per hour) x (365,623 violations)]. (*Id*.)

40.     Therefore, based on the allegations in the Complaint, Plaintiff's rest period claims claim,

by itself, also satisfies the jurisdictional amount in controversy.

### 5.     Plaintiff's Remaining Claims

41.     As set forth above, the minimum jurisdictional amount in controversy is exceeded more

than three times based solely on the allegations in Plaintiff's FAC regarding just Plaintiff's Labor Code

§§ 203 and 226 claims and meal and rest period claims.

42.     Consideration of Plaintiff's remaining claims thus would only extend the degree to which

the amount in controversy minimum is exceeded.

43.     Thus, while the jurisdictional amount in controversy is met when considering just half of Plaintiff's causes of action, if all of Plaintiff's claims are included, there is little doubt the $5,000,000 minimum would be met and exceeded.

### 6.     Attorneys' Fees

44.     Plaintiff additionally seeks attorneys' fees. (Ex. A, Complaint, Prayer for Relief.) *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

45.     A reasonable estimate of fees likely recoverable may be used in calculating the amount in controversy. *See Longmire v. HMS Host USA, Inc.*, No. 12-cv-2203 AJB (DHB), 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (citing *Brady*, 243 F. Supp. 2d at 1010-11); *Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007) (attorneys' fees appropriately included in determining amount in controversy).

46.     In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation; courts may depart from this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *28 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182,

2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable).

47.     Thus, the attorneys' fees at issue would be at least 25% of the alleged amount in controversy, which for Plaintiff's Labor Code §§ 203, 226, and meal and rest period claims for merely May 1, 2020 through November 9, 2022, equates to approximately **$3,920,555.36.**

### 7.     Summary of Amount in Controversy for Purposes of Removal

48.     In sum, while the Court need not consider Plaintiff's overtime, business expenses, unlawful deduction, or UCL claim to conclude that the amount in controversy requirement is satisfied, these additional claims for relief further illustrate that satisfaction of the amount in controversy threshold for CAFA removal is not a close call. Jurisdiction is clear. Assumptions based on the allegations in the Complaint for just the above-discussed claims, alone, easily put at issue the following amounts:

| Claim | Amount In Controversy By Plaintiff's Allegations |
|---|---|
| 1. Labor Code § 203 (May 1, 2020 through November 9, 2022 only) | **$804,944.32** |
| 2. Labor Code § 226 | **$3,087,250.00** |
| 3. Meal Period Claim (May 1, 2020 through November 9, 2022 only) | **$5,559,811.20** |
| 4. Rest Period Claim (May 1, 2020 through November 9, 2022 only) | **$6,230,215.92** |
| **Sub-Total** | **$15,682,221.40** |
| 3. Attorneys' Fees (25%) (on the above claims only) | $3,920,555.36 |
| **Total (on the above claims only)** | **$19,602,776.80** |

49.     Because diversity of citizenship exists, and the amount in controversy plainly exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2). This action is proper for removal to this Court pursuant to 28 U.S.C. § 1441(a).

## IV.   VENUE

50.     Venue lies in the United States District Court, Northern District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1441 and 1446(a). This action was originally in the Superior Court of the State of

California, County of Alameda. The County of Alameda is within the jurisdiction of the United States District Court, Northern District of California.

**V.     NOTICE OF REMOVAL**

51.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Alameda, pursuant to 28 U.S.C. § 1446(d).

**VI.     PRAYER FOR REMOVAL**

52.     WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

DATED: December 9, 2022                           SEYFARTH SHAW LLP


                                                  By: /s/ Phillip J. Ebsworth
                                                          Coby M. Turner
                                                          Phillip J. Ebsworth

                                                  Attorneys for Defendant
                                                  NATIONAL VISION, INC.

DEFENDANT'S NOTICE OF REMOVAL

89200178v.2

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL VISION, INC. dba AMERICA'S BEST CONTACTS AND EYEGLASSES; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAUL F. MAISNIER individually and on behalf of all others similarly situated,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
09/20/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _____ X. Bowie _____ Deputy

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Rene C. Davidson Courthouse
1225 Fallon St., Oakland, CA 94612

</td><td>

CASE NUMBER: *(Número del Caso):*
**22CV018224**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618; (949)387-7200

<table>
<tr><td>DATE:<br>*(Fecha)* 09/20/2022  Chad Finke, Executive Officer / Clerk of the Court</td><td>Clerk, by<br>*(Secretario)*  X. Bowie</td><td>, Deputy<br>*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010).)*

<table>
<tr><td>

[SEAL] 

</td><td>

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* NATIONAL VISION, INC. dba AMERICA'S BEST CONTACTS AND EYEGLASSES
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

</td></tr>
</table>

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:<br>JAMES HAWKINS APLC.    James R. Hawkins (#192925); Gregory Mauro (# 222239);<br>Michael Calvo (# 314986); Lauren Falk (#316893); Ava Issary (#342252)<br>9880 Research Drive, Suite 200, Irvine, California 92618<br>TELEPHONE NO.:  949-387-7200        FAX NO. *(Optional)*:<br>ATTORNEY FOR *(Name)*:  PAUL F. MAISNIER | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**09/20/2022 at 04:33:08 PM**<br>By: Xian-xii Bowie,<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94613
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Paul F. Maisnier vs. National Vision, Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **22CV018224**<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence       court
                                                       f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 8
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: 9/20/2022
Gregory Mauro, Esq.
_____                              ▶ _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                    Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: Paul F. Maisnier vs. National Vision, Inc. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | |
|---|---|
| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447)<br>[ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G)<br>Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs  [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)                                                                                      A-13

JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
Ava Issary, Esq. (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com

Attorneys for Plaintiff PAUL F. MAISNIER,
Individually and on behalf of all others similarly situated.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**09/20/2022 at 04:33:08 PM**
By: Xian-xii Bowie,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| PAUL F. MAISNIER individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL VISION, INC. dba AMERICA'S BEST CONTACTS AND EYEGLASSES; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 22CV018224<br><br>**CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §382:**<br><br>1.  **Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194**<br>2.  **Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Orders**<br>3.  **Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512**<br>4.  **Failure to Pay Timely Wages Required by Labor Code § 203**<br>5.  **Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226**<br>6.  **Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802**<br>7.  **Unlawful Deductions from Wages**<br>8.  **Violation of Business & Professions Code § 17200, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff PAUL F. MAISNIER ("Plaintiff"), individually and on behalf of all others

2   similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby

3   files this Complaint against Defendants NATIONAL VISION, INC. dba AMERICA'S BEST

4   CONTACTS AND EYEGLASSES; and DOES 1-50, inclusive (collectively "Defendants") and

5   alleges on information and belief as follows:

6                              **I.   JURISDICTION AND VENUE**

7        1.      This class action is brought pursuant to California Code of Civil Procedure §382.

8   The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits

9   of the California Superior Court and will be established according to proof at trial.

10       2.      This Court has jurisdiction over this action pursuant to the California Constitution

11   Article VI §10, which grants the California Superior Court original jurisdiction in all causes

12   except those given by statute to other courts. The statutes under which this action is brought do not

13   give jurisdiction to any other court.

14       3.      This Court has jurisdiction over Defendants because, upon information and belief,

15   each Defendant either has sufficient minimum contacts in California, or otherwise intentionally

16   avails itself of the California market so as to render the exercise of jurisdiction over it by the

17   California Courts consistent with traditional notions of fair play and substantial justice.

18       4.      The California Superior Court also has jurisdiction in this matter because the

19   individual claims of the members of the Classes herein are under the seventy-five thousand dollar

20   ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys'

21   fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of

22   2005. Further, there is no federal question at issue, as the issues herein are based solely on California

23   statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC")

24   and B&PC.

25       5.      Venue is proper in this Court because upon information and belief, one or more of

26   the Defendants, reside, transact business, or have offices in this County and/or the acts or

27   omissions alleged herein took place in this County.

28

## II. PARTIES

6.      Plaintiff PAUL F. MAISNIER was employed by Defendants in approximately December 30, 2017, as a Non-Exempt Employee with the title of Manager and worked during the liability period for Defendants until Plaintiff's separation from Defendants' employ in approximately September 29, 2021. Plaintiff's duties included, but were not limited to assisting customers, making the store profitable, cutting costs, and other managerial tasks.

7.      Defendants NATIONAL VISION, INC. dba AMERICA'S BEST CONTACTS AND EYEGLASSES operate as optical retail stores and business. Plaintiff estimates there are in excess of 100 Non-Exempt Employees who work or have worked for Defendants over the last year.

8.      Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capacities are ascertained.

9.      Plaintiff is informed and believes and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

## III. CLASS ACTION ALLEGATION

10.     Plaintiff brings this action individually and on behalf of all others similarly situated as a class action pursuant to Code of Civil Procedure § 382. The members of the Class are defined as follows:

All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from

- 2 -
CLASS ACTION COMPLAINT

the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members").

11.    Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

**Sub-Class 1:** All Class Members who are or were employed by Defendants who worked in excess of six or ten hours in a work-day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Meal Period Subclass").

**Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work-day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Rest Period Subclass").

**Sub-Class 3:** All Class Members who are or were employed by Defendants at any time between May 2021 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

**Sub-Class 4:** All Class Members who have been employed by Defendants at any time between May 2019 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass")

**Sub-Class 5:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

12.    Plaintiff reserves the right under California Rule of Court 3.765(b) and other applicable laws to amend or modify the class definition with respect to issues or in any other ways. Plaintiff is a member of the Class as well as each of the Sub-Classes.

13.    The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

14.    There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

15.    <u>Numerosity</u>. The members of the Class are so numerous that individual joinder of all of them as Plaintiff is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

16.    <u>Commonality</u>. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

i.    Whether Defendants failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

ii.    Whether Defendants failed to accurately pay overtime to Plaintiff and Class Members;

iii.    Whether Defendants failed to reimburse necessary business expenses pursuant to Labor Code § 2802;

iv.    Whether Defendants violated Labor Code §§ 226.7, 512, and applicable IWC Wage Orders, by failing to authorize and permit daily rest periods to Plaintiff and Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

v.    Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Orders, by failing to provide a meal period to Plaintiff and Class Members on days they worked work periods in excess of five and ten hours and failing to compensate said employees one hour wages in lieu of meal periods;

vi.    Whether Defendants failed to maintain accurate time record including recording Plaintiff and Class Members' meal periods pursuant to Labor Code § 1174.5 and the applicable IWC Wage Orders;

vii.    Whether Defendants provided accurate itemized wage statements pursuant to Labor Code section 226;

viii.    Whether Defendants violated Business and Professions Code and Labor Code §§ 201-203, 510, 512, 558, 226, 226.3, 226.7, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802 and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy; and

ix.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to

- 4 -

1    equitable relief pursuant to Business and Professions Code §§ 17200, *et. seq.*

2         x.        Whether Plaintiff and the Members of the Plaintiff Class are entitled to
3    relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant
4    to Labor Code §§ 558, 1194 and 1197.

5         17.    Typicality. Plaintiff's claims herein alleged are typical of those claims which could
6    be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief
7    which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff
8    and all members of the Class and or Subclass sustained injuries and damages arising out of and
9    caused by Defendants' common course of conduct in violation of California laws, regulations, and
10   statutes as alleged herein.

11        18.    Adequacy. Plaintiff is qualified to, and will fairly and adequately protect the
12   interests of each member of the Class and/or Subclass with whom she has a well-defined
13   community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an
14   obligation to make known to the Court any relationships, conflicts, or differences with any
15   member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class
16   and Subclass are versed in the rules governing class action discovery, certification, litigation, and
17   settlement and experienced in handling such matters. Other former and current employees of
18   Defendants may also serve as representatives of the Class and Subclass if needed.

19        19.    Superiority. A class action is superior to other available means for the fair and
20   efficient adjudication of the claims of the Class and would be beneficial for the parties and the
21   court. Class action treatment will allow a large number of similarly situated persons to prosecute
22   their common claims in a single forum, simultaneously, efficiently, and without the unnecessary
23   duplication of effort and expense that numerous individual actions would require. The damages
24   suffered by each Class member are relatively small in the sense pertinent to class action analysis,
25   and the expense and burden of individual litigation would make it extremely difficult or
26   impossible for the individual Class Members to seek and obtain individual relief. A class action
27   will serve an important public interest by permitting such individuals to effectively pursue
28   recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent

1    or contradictory judgments raised by individual litigation.

2        20.    <u>Public Policy Considerations</u>: Employers in the state of California violate

3    employment and labor laws every day. Current employees are often afraid to assert their rights out

4    of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because

5    they believe their former employers may damage their future endeavors through negative

6    references and/or other means. The nature of this action allows for the protection of current and

7    former employees' rights without fear or retaliation or damage.

8                    **IV. <u>FACTUAL ALLEGATIONS</u>**

9        21.    At all times set forth herein, Defendants employed Plaintiff and other persons in the

10    capacity of non-exempt positions, however titled, throughout the state of California.

11        22.    Plaintiff is informed and believes Class Members have at all times pertinent hereto

12    been Non-Exempt within the meaning of the California Labor Code and the implementing rules

13    and regulations of the IWC California Wage Orders.

14        23.    Defendants continue to employ Non-Exempt Employees, however titled, in

15    California and implement a uniform set of policies and practices to all non-exempt employees, as

16    they were all engaged in the job duties related to Defendant's optical retail business.

17        24.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and

18    were advised by skilled lawyers and other professionals, employees, and advisors with knowledge

19    of the requirements of California's wage and employment laws.

20        25.    Plaintiff is informed and believes that during the relevant time-frame, all Class

21    Members are citizens of the state of California.

22        26.    During the relevant time-frame, Defendants compensated Plaintiff and Class

23    Members based upon an hourly rate.

24        27.    In addition, the Class Members frequently worked in excess of eight (8) hours a

25    day and/or over forty (40) hours in a workweek, but were not properly paid for such time at the

26    employee's correct rate of pay per hour for overtime.

27        28.    Defendants also failed to properly calculate Plaintiff's and the Class Members'

28    regular rate of pay including but not limited to by failing to include all forms of

compensation/remuneration in the regular rate including but not limited to bonuses, incentives, commissions, training and orientation pay, shift differential pay, and other compensation for overtime calculation purposes.

29.     Plaintiff and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and over ten hours in a day without being provided a second lawful meal period as required by law.

30.     Plaintiff and Class Members missed meal breaks several times a week and had late meal breaks more often than not. Meal breaks were interrupted daily and lasted for less than the 30 minutes required by law. Defendants failed to pay premium wages for missed, short or late meal breaks.

31.     On information and belief, during the relevant time period, Defendants instructed Plaintiff to modify his time to include lawfully required meal periods even during times when Plaintiff and Class Members did not receive a meal period at all.

32.     Indeed, during the relevant time, as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally compliant uninterrupted 30-minute meal periods on shifts over five hours as required by law.

33.     Similarly, as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members legally compliant second meal periods on shifts over ten hours as required by law.

34.     For instance, often times Plaintiff would work over 10 hours to conduct inventory at the store. During inventory, managers were prohibited from leaving the store. Despite never taking a second meal break, Plaintiff recorded that he did so to avoid being written up.

35.     Plaintiff and Class Members were required to keep their personal cellphones on their persons at all times during their shifts in order to respond to work related calls, even during meal periods.

36.     On information and belief, Plaintiff and Class Members did not waive their rights

1  to meal periods under the law.

2       37.   Plaintiff and the Class Members were not provided with valid lawful on-duty meal

3  periods.

4       38.   Despite the above-mentioned meal period violations, Defendants failed to

5  compensate Plaintiff, and on information and belief, failed to compensate Class Members, one

6  additional hour of pay at their regular rate as required by California law when meal periods were

7  not timely or lawfully provided in a compliant manner.

8       39.   Plaintiff are informed and believe, and thereon alleges, that Defendants know,

9  should know, knew, and/or should have known that Plaintiff and the other Class Members were

10  entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but

11  were not receiving such compensation.

12       40.   In addition, during the relevant time frame, Plaintiff and the Non-Exempt

13  Employees were systematically not authorized and permitted to take one net ten-minute paid, rest

14  period for every four hours worked or major fraction thereof, including third rest breaks which is a

15  violation of the Labor Code and IWC wage order.

16       41.   Plaintiff and Class Members were required to keep their personal cellphones and

17  their persons at all times during their shifts in order to respond to work related calls, even during

18  rest breaks.

19       42.   Plaintiff and Class Members were prohibited from leaving the premises during their

20  meal and rest periods.

21       43.   Defendants maintained and enforced scheduling practices, policies, and imposed

22  work demands that frequently required Plaintiff and Class Members to forego their lawful, paid

23  rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such

24  requisite rest periods were not timely authorized and permitted as a result of Defendants' failure to

25  provide relief for Plaintiff and Class Members to take their lawfully required breaks.

26       44.   Despite the above-mentioned rest period violations, Defendants did not compensate

27  Plaintiff, and on information and belief, did not pay Class Members one additional hour of pay at

28  their regular rate as required by California law, including Labor Code section 226.7 and the

1  applicable IWC wage order, for each day on which lawful rest periods were not authorized and
2  permitted.

3      45.    On information and belief, Defendants also required Plaintiff and Class Members
4  to work off the clock. For instance, Plaintiff, and on information and belief Class Members, were
5  required to participate in COVID-19 screenings. During the pandemic and throughout 2021,
6  Defendants performed temperature checks of employees prior to them clocking-in. Despite
7  requiring these temperature checks, Defendants did not compensate Plaintiff and Class Members
8  for their time spent in COVID-19 screenings.

9      46.    On information and belief, Defendants also required Plaintiff and Class Members
10  to work off the clock because Defendants required employees to use their personal cell phones for
11  work related purposes, on and off the clock. For instance, Plaintiff, and on information and belief
12  Class Members, were called on their personal cell phones while off the clock to discuss work
13  related matters. Defendants failed to compensate Plaintiff and Class Members for their time spent
14  using their personal cell phone to discuss work related matters with Defendants, while off the
15  clock.

16      47.    Defendants also failed to reimburse Plaintiff and Class Members for mileage. For
17  instance, Plaintiff was required to drive to the bank in his personal vehicle on a near daily basis.
18  Defendants never reimbursed Plaintiff for mileage despite driving to the bank for work purposes
19  almost every day.

20      48.    Defendants also failed to reimburse Plaintiff for costs related to providing food for
21  employees to celebrate the month's work. Plaintiff incurred out-of-pocket expenses each month
22  because Defendants required he purchase food for the employees as a celebratory gesture. Plaintiff
23  was never reimbursed for the years of out-of-pocket expenses associated with purchasing food for
24  the employees.

25      49.    Defendants also failed to provide accurate, lawful itemized wage statements to
26  Plaintiff and the Class Members in part because of the above-specified violations. In addition,
27  upon information and belief, Defendants omitted an accurate itemization of total hours worked,

28

1  including premiums due and owing for meal and rest period violations, overtime pay, gross pay

2  and net pay figures from Plaintiff and the Class Members' wage statements.

3       50.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

4  mentioned, Defendants knew that at the time of termination of employment (or within 72 hours

5  thereof for resignations without prior notice as the case may be) they had a duty to accurately

6  compensate Plaintiff and Class Members for all wages owed including minimum wages, meal and

7  rest period premiums, and that Defendants had the financial ability to pay such compensation, but

8  willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-

9  specified violations.

10       51.    Defendants violated Labor Code section 203 by failing to timely pay Plaintiff and

11  Class Members' final wages. For instance, Plaintiff was terminated on September 29, 2021, but he

12  did not receive his final pay on that day. Plaintiff received three (3) separate paychecks including,

13  72 hours of COVID-19 pay two weeks after his termination and a bonus paycheck on October 01,

14  2021, two days after his termination date. Plaintiff was not compensated for the days he spent

15  waiting for these final wages.

16       52.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

17  mentioned Defendants unlawfully deducted wages from Plaintiff's and Class Members' pay

18  pursuant to Labor Code § 221. For instance, Defendants reimbursed Plaintiff for the business use

19  of his personal cell phone, however, paystubs show the reimbursements being taxed. Accordingly,

20  Defendants unlawfully deducted wages from Plaintiff's pay.

21       53.    Upon information and belief, Defendants knew and or should have known that it is

22  improper to implement policies and commit unlawful acts such as:

23       (a)    requiring employees to work four (4) hours or a major fraction thereof without

24  being provided a minimum ten (10) minute rest period and without compensating the employees

25  with one (1) hour of pay at the employees' regular rate of compensation for each workday that a

26  rest period was not provided;

27       (b)    requiring employees to work in excess of five (5) hours or ten (10) hours per day

28  without being provided an uninterrupted thirty-minute meal period and/or a second meal period,

1  and without compensating employees with one (1) hour of pay at the regular rate of compensation

2  for each workday that such a meal period was not provided;

3        (c)     failing to pay overtime and minimum wages;

4        (d)     failing to provide accurate itemized wage statements;

5        (e)     failing to timely pay Plaintiff and Class Members;

6        (f)     failure to reimburse business expenses;

7        (g)     for unlawful deductions; and

8        (h)     conducting and engaging in unfair business practices.

9      54.     In addition to the violations above, and on information and belief, Defendants knew

10  they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein, and

11  that Defendants had the financial ability to pay such compensation, but willfully, knowingly,

12  recklessly, and/or intentionally failed to do so.

13      55.     Plaintiff and Class Members they seek to represent are covered by, and Defendants

14  are required to comply with, applicable California Labor Codes, Industrial Welfare Commission

15  Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable

16  provisions of California Code of Regulations, Title 8, section 11000 *et seq.*

17  <div align="center">**FIRST CAUSE OF ACTION**</div>

18  <div align="center">**FAILURE TO PAY WAGES INCLUDING OVERTIME**</div>

19  <div align="center">**(Against All Defendants)**</div>

20      56.     Plaintiff incorporates and re-alleges each and every allegation contained above as

21  though fully set forth herein.

22      57.     At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class

23  require employers to pay its employees for each hour worked at least minimum wage. "Hours

24  worked" means the time during which an employee is subject to the control of an employer, and

25  includes all the time the employee is suffered or permitted to work, whether or not required to do

26  so, and in the case of an employee who is required to reside on the employment premises, that

27  time spent carrying out assigned duties shall be counted as hours worked.

28      58.     At all relevant times, Labor Code §1197 provides that the minimum wage for

1  employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a
2  lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order
3  and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour
4  worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiff
5  and Class Members' employment by Defendants provided that employees working for more than
6  eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation
7  at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight
8  (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve
9  (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

10       59.    At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons
11  acting individually as an officer, agent, or employee of another person, who pays or causes to be
12  paid to any employee a wage less than the minimum fixed by an applicable state or local law, or
13  by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated
14  damages payable to the employee, and any applicable penalties pursuant to Section 203.

15       60.    Labor Code §510 codifies the right to overtime compensation at the rate of one and
16  one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or
17  forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for
18  hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the
19  seventh day of work in a particular work week.

20       61.    At all times relevant, Plaintiff and Class Members regularly performed non-exempt
21  work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000,
22  et. seq. and the Labor Code.

23       62.    At all times relevant, Plaintiff and Class Members consistently worked in excess of
24  eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately
25  calculate overtime pay to Plaintiff and Class Members.

26       63.    At all times relevant, Plaintiff and Class Members consistently worked off-the-
27  clock, for training and orientation, and for unlawfully deducted 30-minute meal periods that were
28  not provided, resulting in an inaccurate payment of minimum and overtime wages to Plaintiff and

- 12 -

1  Class Members.

2       64.     Defendants further failed to incorporate bonuses, shift differentials, and other

3  remunerations into the employees' regular rates of pay for purposes of calculating overtime.

4       65.     At all times relevant, Defendants have failed to accurately pay minimum and

5  overtime owed to Plaintiff and Class Members.

6       66.     At all times relevant, Defendants implemented a rounding system, which over time

7  favored the Defendant and was not neutral in practice resulting in minimum wage violations.

8       67.     Accordingly, Defendants owe Plaintiff and Class Members minimum and overtime

9  wages, and have failed to pay Plaintiff and Class Members their wages owed.

10      68.     Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are

11  entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and

12  attorneys' fees.

13                          **SECOND CAUSE OF ACTION**

14  **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

15                          **(Against All Defendants)**

16      69.     Plaintiff incorporates and re-alleges each and every allegation contained above as

17  though fully set forth herein.

18      70.     Pursuant to Labor Code §512, no employer shall employ an employee for a work

19  period of more than five (5) hours without providing a meal break of not less than thirty (30)

20  minutes in which the employee is relieved of all of his or her duties. An employer may not employ

21  an employee for a work period of more than ten (10) hours per day without providing the

22  employee with a second meal period of not less than thirty (30) minutes, except that if the total

23  hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual

24  consent of the employer and the employee only if the first meal period was not waived.

25      71.     Pursuant to the IWC wage orders applicable to Plaintiff and Class Members'

26  employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of

27  the work of the employee must prevent an employee from being relieved of all duties relating to

28  his or her work for the employer and the employees must consent in writing to the "on duty" meal

period. On information and belief, Plaintiff and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that they were prevented from being relieved of all duties. Despite the requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Defendants did not provide Plaintiff and Class Members with all their statutorily authorized meal periods.

72.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants. As a proximate result of the aforementioned violations, Plaintiff and the other Class Members have been damaged in an amount according to proof at time of trial.

73.    By their failure to provide a compliant meal period for each shift worked over five (5) hours and their failure to provide a compliant second meal period for any shift worked over ten (10) hours per day by Plaintiff and the Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of Labor Code §§226.7 and 512 and applicable IWC Wage Orders.

74.    Plaintiff and the Class Members she seeks to represent did not voluntarily or willfully waive meal periods and were regularly required to work shifts without being provided all of their legally required meal periods. Defendants created a working environment in which Plaintiff and Class Members were not provided all of their meal periods due to shift scheduling and/or work related demands placed upon them by Defendants as discussed above. On information and belief, Defendants' implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period and will be evidenced by Defendants' time records for the Class Members.

75.    As a result of the unlawful acts of Defendants described herein, Plaintiff and the Class Members they seek to represent have been deprived of premium wages in amounts to be determined at trial. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to

1  recover one (1) hour of premium pay for each day in which a meal period was not provided, along

2  with interest and penalties thereon, attorneys' fees, and costs.

3  <div align="center">**THIRD CAUSE OF ACTION**</div>

4  <div align="center">**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**</div>

5  <div align="center">**(Against All Defendants)**</div>

6      76.    Plaintiff incorporates and re-alleges each and every allegation contained above as

7  though fully set forth herein.

8      77.    Pursuant to the IWC wage orders applicable to Plaintiff and Class Members'

9  employment by Defendants, "Every employer shall authorize and permit all employees to take rest

10  periods, which insofar as practicable shall be in the middle of each work period.... [The]

11  authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

12  minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest period

13  time shall be counted as hours worked, for which there shall be no deduction from wages." Labor

14  Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period

15  mandated by an applicable order of the IWC.

16      78.    Defendants were required to authorize and permit employees such as Plaintiff and

17  Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes

18  net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

19  Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members'

20  employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and

21  Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major

22  fraction thereof.

23      79.    On information and belief, Defendants created a working environment in which

24  Plaintiff and Class Members were not provided all of their rest periods due to shift scheduling

25  and/or work related demands placed upon them by Defendants to meet the needs of Defendants'

26  business as discussed above. On information and belief, Defendants implemented a policy and

27  practice which resulted in systematic and class-wide violations of the Labor Code. On information

28  and belief, Defendants' violations have been widespread throughout the liability period.

80.    As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which Defendants failed to provide a rest period to Plaintiff and the Class, plus interest and penalties thereon, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY TIMELY PAY WAGES

### (Against All Defendants)

81.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

82.    Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

83.    Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

84.    During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime.

85.    As a result, Defendants are liable to Plaintiff and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

1

### FIFTH CAUSE OF ACTION

2

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

3

### (Against All Defendants)

4      86.    Plaintiff incorporates and re-alleges each and every allegation contained above as

5  though fully set forth herein.

6      87.    Section 226(a) states that An employer, semi-monthly or at the time of each

7  payment of wages, shall furnish to his or her employee, either as a detachable part of the check,

8  draft, or voucher paying the employee's wages, or separately if wages are paid by personal check

9  or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

10  worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units

11  earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

12  deductions, provided that all deductions made on written orders of the employee may be

13  aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

14  which the employee is paid, (7) the name of the employee and only the last four digits of his or her

15  social security number or an employee identification number other than a social security number,

16  (8) the name and address of the legal entity that is the employer.

17      88.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage

18  statements all deductions from payment of wages and to accurately report total hours worked by

19  Plaintiff and the Class including applicable hourly rates among other things. Defendants have

20  knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage

21  statements that have been provided to Plaintiff and the Class.

22      89.    IWC Wage Orders require Defendants to maintain time records showing, among

23  others, when the employee begins and ends each work period, meal periods, split shift intervals

24  and total daily hours worked in an itemized wage statement, and must show all deductions and

25  reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and

26  the Class. On information and belief, Defendants have failed to record all or some of the items

27  delineated in Industrial Wage Orders and Labor Code §226.

28      90.    Defendants fail to identify the amounts and hours for items listed on its paystubs,

1   including but not limited to stipend amount.

2       91.     Defendants have failed to accurately record all time worked.

3       92.     Defendants have also failed to accurately record the meal and rest period premiums

4   owed and all wages owed per pay period.

5       93.     Plaintiff and the Class have been injured as they were unable to determine whether

6   they had been paid correctly for all hours worked per pay period among other things.

7       94.     Defendants also failed to identify the rate of pay in their paystubs.

8       95.     Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a

9   maximum of $4,000 each for record keeping violations.

10      96.     Pursuant to Labor Code section 226.3, any employer who violates subdivision (a)

11  of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250)

12  per employee per violation in an initial citation and one thousand dollars ($1,000) per employee

13  for each violation in a subsequent citation, for which the employer fails to provide the employee a

14  wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

15                          **SIXTH CAUSE OF ACTION**

16          **FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES**

17                          **(Against All Defendants)**

18      97.     Plaintiff incorporates and re-alleges each and every allegation contained above as

19  though fully set forth herein.

20      98.     Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members

21  for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As

22  a necessary part of employment, Plaintiff and on information and belief Class Members, were not

23  adequately reimbursed by Defendants for expenses related to all expenses incurred as a result of

24  their personal cellphone usage and personal funds usage as described above, which was incurred

25  as a direct consequence of the discharge of duties by Plaintiff and Class Members. Despite these

26  realities of the job, Defendants failed to provide reimbursements.

27      99.     Labor Code §2804 states in pertinent part: "Any contract or agreement, express or

28  implied, made by any employee to waive the benefits of this article or any part thereof is null and

1  void, and this article shall not deprive any employee or his or her personal representative of any

2  right or remedy to which he is entitled under the laws of this State.

3      100.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members

4  have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to

5  the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

6  pursuant to Labor Code § 2802.

7                    **SEVENTH CAUSE OF ACTION**

8              **UNLAWFUL DEDUCTION OF WAGES**

9                  **(Against All Defendants)**

10      101.    Plaintiff incorporates and re-alleges each and every allegation contained above as

11  though fully set forth herein.

12      102.    Labor Code § 221 provides that: "It shall be unlawful for any employer to collect or

13  receive form an employee any part of wages therefore paid by said employer to said employee."

14      103.    Labor Code § 223 provides "Where any statute or contract requires an employer to

15  maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while

16  purporting to pay the wage designated by statute or by contract.

17      104.    As a result, Defendants are liable to Plaintiff and Class members for penalties,

18  reasonable attorneys' fees, and costs pursuant to Labor Code 1194.

19                    **EIGHTH CAUSE OF ACTION**

20      **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et. seq.**

21                  **(Against All Defendants)**

22      105.    Plaintiff incorporates and re-alleges each and every allegation contained above as

23          though fully set forth herein.

24      106.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

25  unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the

26  general public. Plaintiff seeks to enforce important rights affecting the public interest within the

27  meaning of the California Code of Civil Procedure §1021.5.

28      107.    Defendants' policies, activities, and actions as alleged herein, are violations of

1    California law and constitute unlawful business acts and practices in violation of California

2    Business and Professions Code §§17200, et seq.

3        108.    A violation of California Business and Professions Code §§17200, et seq., may be

4    predicated on the violation of any state or federal law. Defendants' policy of failing to accurately

5    pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide a

6    day's rest in seven, failing to provide accurate itemized wage statements and failing to provide

7    Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when

8    a meal or rest break period was not provided or provided outside of the required time frames,

9    violates Labor Code § 226, §512, § 226.7, § 1194, § 2802 and applicable IWC Wage Orders and

10   California Code of Regulations.

11       109.    Plaintiff and Class Members have been personally aggrieved by Defendants'

12   unlawful and unfair business acts and practices alleged herein by the loss of money and/or

13   property.

14       110.    Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff

15   and Class Members are entitled to restitution of the wages withheld and retained by Defendants

16   during a period that commences four (4) years prior to the filing of this complaint; an award of

17   attorneys' fees, interest; and an award of costs.

18                              **PRAYER FOR RELIEF**

19           WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

20                              Class Certification

21   1.    That this action be certified as a class action;

22   2.    That Plaintiff be appointed as the representative of the Class;

23   3.    That Plaintiff be appointed as the representative of the Subclass; and

24   4.    That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

25                          On the First Cause of Action

26   1.    For compensatory damages equal to the unpaid balance of minimum wage

27   compensation and overtime owed to Plaintiff and Class members as well as interest and costs;

28   2.    For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

3.  For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §§ 1194.2, 558;

4.  For such other and further relief as the Court deems proper.

On the Second Cause of Action

1.  For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and

2.  For such other and further relief as the Court deems proper.

On the Third Cause of Action

1.  For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and

2.  For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.  For statutory penalties pursuant to Labor Code §203;

2.  For interest for wages untimely paid; and

3.  For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.  For statutory penalties pursuant to Labor Code §226;

2.  For interest for wages untimely paid;

3.  For penalties pursuant to Labor Code §266.3; and

4.  For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.  For statutory penalties pursuant to Labor Code §2802;

2.  For interest for wages untimely paid; and

3.  For such other and further relief as the Court deems proper.

On the Seventh Cause of Action

1.  For unlawful deductions;

2.  For interest for wages untimely paid; and

3.  For such other and further relief as the Court deems proper.

1

<div align="center">On the Eighth Cause of Action</div>

2   1.   That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and

3   Class Members for their past failure to accurately pay overtime, failing to pay minimum wages,

4   failing to reimburse expenses, failing to provide a day's rest in seven, failing to provide accurate

5   itemized wage statements and failing to provide Plaintiff and the Class with meal periods and rest

6   breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or

7   provided outside of the required time frames as described herein to Plaintiff and Class Members

8   over the last four (4) years in an amount according to proof;

9   2.   For pre-judgment interest on any unpaid wages due from the day that such amounts

10   were due;

11   3.   For reasonable attorneys' fees that Plaintiff and Class Members are entitled to

12   recover;

13   4.   For costs of suit incurred herein; and

14   5.   For such other and further relief as the Court deems proper.

15   **<div align="center">DEMAND FOR JURY TRIAL</div>**

16   Plaintiff and members of the Class and Subclass request a jury trial in this matter.

17

18

19   Dated: September 20, 2022          JAMES HAWKINS APLC

20                                     By: _____

21                                     JAMES R. HAWKINS, ESQ.
                                       GREGORY MAURO, ESQ.

22                                     MICHAEL CALVO, ESQ.
                                       LAUREN FALK, ESQ.

23                                     AVA ISSARY, ESQ.
                                       Attorneys for Plaintiff PAUL F. MAISNIER

24                                     individually and on behalf of all others similarly
                                       situated.

25

26

27

28

<div align="center">- 22 -</div>
<div align="center">CLASS ACTION COMPLAINT</div>

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br><br>09/20/2022<br>Chad Fike , Executive Officer / Clerk of the Court<br>By: _X̲X̲-̲X̲X̲B̲_ Deputy<br>X. Bowie |
| PLAINTIFF:<br>PAUL F. MAISNIER | |
| DEFENDANT:<br>NATIONAL VISION, INC. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22CV018224 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | | | |
|---|---|---|---|
| Date: 01/18/2023 | Time: 8:30 AM | Dept.: 21 | |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/20/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>X. Bowie |
| PLAINTIFF/PETITIONER:<br>PAUL F. MAISNIER | |
| DEFENDANT/RESPONDENT:<br>NATIONAL VISION, INC. | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV018224 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

JAMES R. HAWKINS
9880 Research Drive, Suite 200
IRVINE, CA 92618

Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/21/2022

By:

X. Bowie, Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| PAUL F. MAISNIER<br>Plaintiff/Petitioner(s)<br>vs.<br>NATIONAL VISION, INC.<br>Defendant/Respondent(s) | No.      22CV018224<br><br>Date:    11/01/2022<br>Time:    10:00 AM<br>Dept:    21<br>Judge:  Evelio Grillo<br><br>ORDER re: Complex Determination<br>Hearing |

## COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

## COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

## PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

## SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 11/01/2022

**Evelio Grillo / Judge**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 21

## JUDICIAL OFFICER: HONORABLE EVELIO GRILLO

Courtroom Clerk: Christopher Wright

CSR: None

---

**22CV018224**

November 1, 2022
10:00 AM

**MAISNIER**
**vs**
**NATIONAL VISION, INC.**

---

### MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

*C. W*

By:         C. Wright, Deputy Clerk
            Minutes of: 11/01/2022
            Entered on: 11/02/2022

**EXHIBIT B**

1  SEYFARTH SHAW LLP
   Coby M. Turner (SBN 266298)
2  cturner@seyfarth.com
   Phillip J. Ebsworth (SBN 311026)
3  pebsworth@seyfarth.com
   400 Capitol Mall, Suite 2300
4  Sacramento, California 95814-4428
   Telephone:    (916) 448-0159
5  Facsimile:     (916) 558-4839

6  Attorneys for Defendant
   NATIONAL VISION, INC. dba AMERICA'S BEST
7  CONTACTS AND EYEGLASSES

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/08/2022 at 04:07:16 PM**
By: Xian-xii Bowie,
Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF ALAMEDA

10

11  PAUL F. MAISNIER individually and on behalf     Case No. 22CV018224
    of all others similarly situated,
12                                                  *Assigned for All Purposes to:*
                    Plaintiff,                      *Hon. Evelio Grillo - Dept. 21*
13
          v.                                        **DEFENDANT'S ANSWER TO**
14                                                  **PLAINTIFF'S CLASS ACTION**
    NATIONAL VISION, INC. dba AMERICA'S             **COMPLAINT**
15  BEST CONTACTS AND EYEGLASSES; and
    DOES 1-50, inclusive,
16
                    Defendants.
17

18        Defendant NATIONAL VISION, INC. dba AMERICA'S BEST CONTACTS AND

19  EYEGLASSES ("Defendant") hereby answers the unverified Class Action Complaint of PAUL F.

20  MAISNIER ("Plaintiff") as follows:

21                            <u>**GENERAL DENIAL**</u>

22        Pursuant to California Code of Civil Procedure Section 430.10(d) and (e), Defendant denies,

23  generally and specifically, each and every allegation, and each purported cause of action contained in

24  Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff or any of the

25  employees he purports to represent have been damaged in any amount, or at all, by reason of any alleged

26  act or omission of Defendant. Defendant further denies, generally and specifically, that Plaintiff or any

27  of the employees he purports to represent have suffered any loss of wages, overtime, penalties,

28

compensation, benefits or restitution, or any other legal or equitable relief within the jurisdiction of this Court.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law:

### FIRST DEFENSE

**(Failure To State A Cause Of Action)**

1.      The Complaint, and each purported cause of action alleged therein, should be dismissed to the extent it fails to state facts sufficient to constitute claims upon which relief can be granted against Defendant.

### SECOND DEFENSE

**(Waiver)**

2.      Plaintiff and/or any of employees he purports to represent have waived their right to assert the claims contained in the Complaint, and each purported cause of action therein, against Defendant. Plaintiff and/or any of the employees he purports to represent, by their own conduct and actions, have waived the right, if any, to assert the claims alleged in the Complaint.

### THIRD DEFENSE

**(Unclean Hands)**

3.      Plaintiff and/or any of the employees he purports to represent are precluded from maintaining the Complaint, and each purported cause of action alleged therein, because Plaintiff and/or any of the employees he purports to represent engaged in conduct showing unclean hands.

### FOURTH DEFENSE

**(Release)**

4.      To the extent Plaintiff and/or any of the employees he purports to represent enter or have entered a release as to any Labor Code violations alleged in the Complaint or to the extent that another action asserting similar claims or issues has been adjudicated on the merits, their claims are barred by that release.

## FIFTH DEFENSE

### (Statute Of Limitations)

5.  Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to, California Labor Code section 2698 *et seq.*, the California Code of Civil Procedure sections 312, 338(a), and 340, the California Civil Code §§ 338 *et seq.*, and California Business and Professions Code § 17208.

## SIXTH DEFENSE

### (Laches)

6.  Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing his claims.

## SEVENTH DEFENSE

### (Estoppel)

7.  Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

## EIGHTH DEFENSE

### (No Knowing and Intentional Violation of Labor Code)

8.  Plaintiff and any of the employees he purports to represent cannot establish a willful or knowing and intentional violation of any provision in the California Labor Code, including without limitation of sections 201, 202, 203, 204, 221, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802, and 2804 because Defendant acted in good faith with reasonable grounds for believing that its actions were lawful.

## NINTH DEFENSE

### (Res Judicata and Collateral Estoppel)

9.  To the extent Plaintiff seeks recovery based on the same subject matter that already has been adjudicated or dismissed, or that will be adjudicated or dismissed before this action is concluded, the action is barred by the doctrine of res judicata or collateral estoppel.

**TENTH DEFENSE**

(*De Minimis* **Doctrine**)

10.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiff and/or other employees he purports to represent were not paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine. *See, e.g., Rutti v. Lojack Corp.*, 596 F.3d 1046, 1057-58 (9th Cir. 2010) (noting that courts have generally found that *de minimis* work of less than ten minutes per day is not compensable; "most courts 'have found daily periods of approximately ten minutes *de minimis* even though otherwise compensable'"); *Lindow v. United States*, 738 F.2d 1057, 1062, 1064 (9th Cir. 1984) ("[i]t is only when an employee is required to give up a substantial measure of her time and effort that compensable working time is involved"; "most courts have found daily periods of 10 minutes *de minimis* even though otherwise compensable").

**ELEVENTH DEFENSE**

(**Lack Of Standing**)

11.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred for lack of subject matter jurisdiction to the extent Plaintiff and/or any of the employees he purports to represent lack standing to bring their claims in either an individual or representative capacity.

**TWELFTH DEFENSE**

(**Contributory Fault**)

12.     If the injuries and/or alleged damages in the Complaint occurred at all (which Defendant denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's own acts, omissions, and/or failures to act, or the acts, omissions, and/or failures to act of any other employees he purports to represent.

**THIRTEENTH DEFENSE**

(**Accord and Satisfaction**)

13.     To the extent Plaintiff, or any other employees he purports to represent, accepted payments and releases, the underlying claims are barred by the doctrine of accord and satisfaction.

///

///

**FOURTEENTH DEFENSE**

**(Meal Period Waiver)**

14.     To the extent Plaintiff or any of the employees he purports to represent voluntarily waived the right to a meal period for shifts of more than five but less than six hours or shifts of more than 10 but less than 12 hours, no violation of the California Labor Code or the IWC Wage Orders exists.

**FIFTEENTH DEFENSE**

**(Failure To Inform Employer Of Alleged Violations)**

15.     Plaintiff's Complaint is barred to the extent that Defendant did not have actual or constructive knowledge, or had no reason to know, about any alleged unlawful conduct or purported violation or any alleged failure to timely pay wages allegedly suffered by Plaintiff or any of the employees he purports to represent. Plaintiff, therefore, did not provide Defendant with an opportunity to correct any alleged violations and then provide the appropriate remedy, if any, to Plaintiff prior to the time he filed the lawsuit.

**SIXTEENTH DEFENSE**

**(Failure to Comply With Employer's Direction)**

16.     Plaintiff's Complaint is barred to the extent that Plaintiff and any of the employees he purports to represent failed to substantially comply with all of the directions of Plaintiff's employer concerning the service on which Plaintiff was engaged and Plaintiff's obedience to the directions of the employer was neither impossible or unlawful, nor would impose new and unrealistic burdens, pursuant to California Labor Code § 2856.

**SEVENTEENTH DEFENSE**

**(Meal Periods and Rest Breaks Provided and Authorized and Permitted)**

17.     Plaintiff's claims, and the claims of those persons he purports to represent, for failure to provide meal periods, and failure to authorize and permit rest breaks, are barred because Plaintiff and all of those employees he purports to represent were provided with meal periods and authorized and permitted rest breaks to which they were legally entitled. *Brinker v. Superior Court*, 53 Cal. 4th 1004 (2012).

**EIGHTEENTH DEFENSE**

**(Arbitration and Class Action Waiver)**

18.    Plaintiff's claims, and the claims of other employees he purports to represent, are barred to the extent that they agreed in writing to submit those claims to mandatory, final, and binding arbitration on an individual basis, thereby waiving the right to participate in any class action.

**NINETEENTH DEFENSE**

**(Offset)**

19.    To the extent that Plaintiff and/or the employees he purports to represent are entitled to damages or penalties, Defendant is entitled to an offset for any payments of wages, meal and/or rest period premiums, or other remuneration previously provided to Plaintiff and/or the employees he purports to represent.

**TWENTIETH DEFENSE**

**(Consent/Authorization)**

20.    Plaintiff's Complaint, and each claim asserted therein, is barred, in whole or in part, because the alleged conduct of Defendant complained of in the Complaint was approved, consented to, and/or authorized by Plaintiff and/or the employees he purports to represent through their actions, omissions, and course of conduct.

**RESERVATION OF RIGHTS**

Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims, and does not have sufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated defenses. Defendant has not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely on such other applicable defenses as may later become available or apparent through discovery or further investigation of Plaintiff's claims. Defendant further reserves the right to amend its answer or defenses accordingly or to delete defenses that it determines are not applicable during the course of discovery.

///

///

///

## **PRAYER**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.      That Plaintiff take nothing by his Complaint;

2.      That judgment be entered in favor of Defendant and against Plaintiff on the entire Complaint and on all causes of action alleged therein;

3.      That Defendant be awarded reasonable attorneys' fees according to proof;

4.      That Defendant be awarded its costs of suit incurred herein; and

5.      That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: December 8, 2022                    SEYFARTH SHAW LLP

By: _____
        Coby M. Turner
        Phillip J. Ebsworth
    Attorneys for Defendant
    NATIONAL VISION, INC. dba AMERICA'S BEST
    CONTACTS AND EYEGLASSES

1

## **PROOF OF SERVICE**

2

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 400 Capitol Mall, Suite 2300, Sacramento, California 95814. On December 8, 2022, I served the within document(s):

3

4

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

5

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

6

7

☐ by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

8

9

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below, by agreement of the parties.

10

James R. Hawkins                    Attorneys for Plaintiff
Gregory Mauro                       PAUL F. MAISNIER

11

Michael Calvo

12

Lauren Falk                         Tel:  949-387-7200
Ava Issary                          Fax: 949-387-6676

13

James Hawkins APLC                  james@jameshawkinsaplc.com
9880 Research Drive, Suite 200      greg@jameshawkinsaplc.com

14

Irvine, CA  92618                   michael@jameshawkinsaplc.com
                                    lauren@jameshawkinsaplc.com

15

                                    ava@jameshawkinsaplc.com

16

17

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

20

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

Executed on December 8, 2022, at Sacramento, California.

22

23

_Linda Ninelist_

Linda Ninelist

24

25

26

27

28